In this suit plaintiff seeks to obtain a judgment against the defendant in the sum *Page 749 
of $144.48 alleged to be the balance due her on an open account running from December 18, 1935 until August 9, 1938.
In her petition she avers that she sold goods, wares and merchandise to the defendant at various times between those dates and that he made various payments on account but since October, 1937, has failed to pay her anything; that after the last payment which he made in October, 1937, he continued buying from her until August 9, 1938, since which time the balance of $144.48 remains due and unpaid. Annexed to her petition is an itemized statement of the account showing the balance as claimed by her.
In his answer the defendant admits that he purchased merchandise from the plaintiff at various times between December 18, 1935, until about June 20, 1938, and that he made various payments on account until May, 1938, but denies all the remaining allegations of the petition. He then alleges that he refused to pay the balance plaintiff claims because he owes her nothing but on the contrary she is indebted unto him, setting out specifically that he is entitled not only to all the credits appearing on the account but the following additional credits as well: $90 for 200 gallons of syrup which he delivered to her on July 3, 1936; $60 for 150 gallons of syrup delivered November 4, 1936; $9.60 for 24 gallons of syrup delivered on March 4, 1938, and $3 for 200 pounds of Irish potatoes delivered to her in May, 1938. He alleges that he is therefore entitled to credits in the total sum of $162.60, which, as against the balance of $144.48 claimed by her, leaves her due and owing to him the sum of $18.12. Assuming the position of a plaintiff in reconvention he alleges that she is thus indebted unto him for that sum and which he prays judgment for against her in reconvention.
The district judge, for reasons not stated, recused himself and appointed Honorable Kenneth Boagni, Judge of the Twenty Seventh Judicial District Court, as judge to sit and try the case. After trial, Judge Boagni rendered judgment in favor of the plaintiff in the sum of $54.48. As appears from the written reasons for judgment filed by him, he held that the defendant was entitled to credit in the sum of $90 for the syrup alleged to have been sold and delivered to the plaintiff on July 3, 1936, which credit had not been given on the account.
Both parties obtained an order for appeal in open court on October 26, 1943, but the plaintiff, evidently realizing that she had not perfected her appeal, filed an answer to the appeal taken by the defendant in which she asks that the judgment be amended by disallowing the credit of $90 which had been granted by the trial judge.
Defendant, through his counsel, seems to rely almost entirely on a point of law which clearly is not at issue in the case.
In order to prove her case, plaintiff merely offered in evidence her petition, to which the open account she relies on was annexed, and the defendant's answer. Objection to the introduction of the open account on the ground that the same was not admissible under the law was timely made and was overruled by the court. It is now contended that the ruling produced reversible error inasmuch as under Article 2248, R.C.C., "the books of merchants cannot be given in evidence in their favor" and the account annexed to her petition being the only proof offered by plaintiff in support of her demand, her suit should be dismissed.
We do not agree with the contention and find that there was no merit in the objection made in this case for the reason that the defendant had admitted the account in his answer and resisted payment solely and only on a plea of payment. The plea of payment of itself implied the correctness of the account but denied liability because of the claim that it had been paid in full. In this case the claim was that it had been overpaid. The serious and the vital point therefore is whether the defendant has supported his plea of payment. Under the law, the burden of proof rested on him. R.C.C. Art. 2232.
In support of his plea, defendant produced three receipts given to him by the plaintiff; the one for $90 which, he alleges in his answer, bears the date of July 3, 1936, another for $25 dated August 24, 1936 and the third for $55, dated September 25, 1937. The only credit which seems to be now in controversy, however, is the one in connection with the receipt for $90 dated July 3, 1936.
The plaintiff does not dispute her signature to this receipt but claims that it represents the same credit which is given the defendant on the open account as of January 3, 1935, and that the date of the receipt has been changed. The receipt is *Page 750 
written with a lead pencil and the date appears in numerals as follows: "7/3 1936". Plaintiff testified that she gave this receipt on January 1, 1935, that date corresponding with the date on which defendant is given the same amount of credit on his account. She says positively that the numerals "7" and "6" on the receipt are not in her handwriting and she was made to write out the two different dates in order to compare it with the writing which appears on the receipt. It would be an easy matter to change the number "1" into a number "7"; somewhat more difficult to change a "5" in-into a "6" without some erasure. If there was any erasure on the receipt it appears to have been skilfully done and it is hard to detect. However, there does appear to be a difference in the number "7" as written on the receipt and that same numeral found on the receipt dated "9/25 1937" which is admitted to be genuine, and the "7" on this last receipt compares very favorably with the "7" written as a sample of her handwriting by the plaintiff during the trial of the case.
A point which strikes us rather forcibly, however, as tending to support the plaintiff's testimony is the fact that the receipt shows that the balance remaining due on the defendant's bill is $39.20, the exact amount which is shown to be the balance on the account as of January 3, 1935, after credit for the $90 had been given. That is the only date on the lengthy account on which this same balance is shown to be due. It is significant to note also that on the account, payment for which credit is given was made by the delivery of syrup, the same as appears on the receipt itself.
Ordinarily on a question of the kind here presented the finding of the trial judge should be given great weight, but strangely enough the trial judge himself admitted that there was "a discrepancy in regard to the date" of this credit of $90. He stated that he was "inclined to believe that the date indicated on `D-1' (the receipt in controversy) is correct." Moreover, he added that he was not favorably impressed with the rest of the evidence. We presume he referred to the evidence submitted by the defendant in support of his demand for the other credits claimed since he otherwise allowed plaintiff to recover the entire balance claimed by her. It strikes us therefore that the trial judge was somewhat in doubt concerning the $90 credit he allowed and since the burden of proof rested on the defendant to prove payment, we feel that we cannot give the usual importance and weight which attaches to the findings of a trial judge on questions of this nature. It seems to us that this plaintiff kept a very minute, careful and detailed account of her dealings with the defendant and it is passing strange why she would not have given him credit for the $90 paid by him through the delivery of syrup in July, 1936, the same as she did with respect to all credits he was entitled to.
We have concluded to amend the judgment by disallowing the credit for $90 given by the trial judge and awarding the plaintiff the balance claimed by her in full.
For the reasons stated it is ordered, adjudged and decreed that the judgment appealed from be and the same is hereby amended by increasing the amount of the award from the sum of $54.48 to the sum of $144.48 and that as thus amended it be affirmed at the costs of the defendant, appellant herein.